CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 25 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN NEWMAN,<br>Petitioner, | )<br>)<br>) Case No. 7:05CV00311<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GERALD K. WASHINGTON, WARDEN,<br>Respondent. | )<br>) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Kevin Newman, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Newman challenges the validity of his convictions in the Circuit Court for the County of Halifax for first degree murder, attempted murder, two counts of using a firearm in the commission of a felony, and shooting from a motor vehicle. The respondent has filed a motion to dismiss to which Newman has responded, making the petition ripe for consideration. For the reasons set forth below, I will grant the respondent's motion to dismiss.

## BACKGROUND

Newman was originally convicted by a jury in 1995 of first degree murder, two counts of attempted murder, three counts of using a firearm in the commission of a felony, and shooting from a motor vehicle. On December 15, 2000, Newman filed a motion to set aside the verdict pursuant to Baker v. Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998).[1] On March 15, 2001, the trial court granted Newman's motion and vacated his convictions.

---

[1] In Baker, the Court of Appeals of Virginia held that the failure to give notice to both parents of a juvenile of certain proceedings in juvenile court rendered void the juvenile's later conviction on transfer of his case to the circuit court. Baker, 28 Va. App. at 315, 504 S.E.2d at 399.

Newman was retried in January 2002. The instant convictions arise from Newman's retrial. On May 1, 2002, Newman was sentenced to a total term of imprisonment of fifty-one years.

Newman appealed his convictions to the Court of Appeals of Virginia. On April 2, 2002, Newman's convictions were affirmed. Newman subsequently filed a petition for appeal with the Supreme Court of Virginia. The petition was refused on August 8, 2003.

On April 8, 2004, Newman filed a petition for a writ of habeas corpus in the Circuit Court for the County of Halifax. The petition was dismissed on July 27, 2004. He appealed the dismissal of the petition to the Supreme Court of Virginia. Newman's petition for appeal was refused on March 29, 2005.

Newman has now filed this petition, in which he asserts the following claims:

1. The state habeas court abused its discretion in refusing to grant a timely motion for discovery;

2. The state habeas court abused its discretion in refusing to grant a timely motion for expansion of the record;

3. The evidence presented at trial was insufficient to establish a prima facie case of attempted murder or use of a firearm during the commission of a felony;

4. The trial court abused its discretion in refusing to grant a motion for a mistrial after a juror was dismissed for having served on the jury during the trial of the petitioner's co-defendant;

5. Counsel incompetently advised the petitioner that there were no pretrial procedures available to challenge the photo spread procedures;

6. Counsel failed to object to prosecutorial misconduct that occurred when the prosecutor failed to disclose the truth about deals that Eugene Craig and Kenneth Brooks had in exchange for their testimony; and

2

7. Counsel incompetently advised the petitioner that he could not challenge the voluntariness of his statements to police at a pretrial hearing, and that he instead had to wait until trial to raise the issue.

Newman's petition is presently before the court on the respondent's motion to dismiss.

## STANDARD OF REVIEW

Newman raised the same claims in state court, either on direct appeal or as part of the state habeas proceedings. Therefore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## ANALYSIS

A. Claims 1 and 2

In his first two claims, Newman contends that the state habeas court abused its discretion in failing to grant his motion for discovery and his motion for expansion of the record. Because deficiencies in state post-conviction proceedings do not provide a basis for federal habeas relief, Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998), Newman's first two claims must be dismissed.

3

B.    Claim 3

In his third claim, Newman argues that the evidence presented at trial was insufficient to support his convictions for attempted murder of Virgil Talley and use of a firearm during the commission of that felony. While the respondent argues that Newman failed to exhaust his state court remedies as this claim, I disagree. Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). Since Newman challenged the sufficiency of the evidence supporting his convictions at every level of his direct appeal,[2] Newman was not required to seek state habeas relief with respect to this claim. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1989) (citing Castille v. Peoples, 489 U.S. 346, 359-350 (1989)). Therefore, Newman's third claim must be considered on the merits.

In reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The court does not weigh the evidence or consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

---

[2] The fact that Newman did not phrase his challenge in state court in specific constitutional terms is of no consequence, since "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction." West v. Wright, 931 F.2d 262 (4th Cir. 1991), rev'd on other grounds, 505 U.S. 277 (1992).

4

Applying these principles to this case, I conclude that any rational trier of fact could have found the essential elements of the crimes at issue beyond a reasonable doubt. Kenneth Brooks testified that on the evening of February 13, 1995, he and Anthony Whitlock were standing together at a trailer park in Halifax County, when Newman, who was a passenger in a blue Jetta, shot and killed Whitlock. (Brooks' Test. at 286-290). Upon hearing the gun shots, Virgil Talley, who was standing in a nearby area of the trailer park, jumped in his car and drove away. (Brooks' Test. at 294). As the Jetta followed Talley, additional shots were fired from the Jetta. (Brooks' Test. at 294). Wellford Sydnor, who lived at the trailer park, testified that a vehicle drove by his trailer "speeding" and "rapidly shooting." (Sydnor's Test. at 74). While in jail following the incident, Newman allegedly told Eugene Craig that he had gotten the wrong person, and that "the next time ... he'd make sure everybody was taken care of." (Craig's Test. at 230-231). When viewed in the light most favorable to the Commonwealth, the evidence is sufficient to support Newman's convictions for attempted murder and use of a firearm during the commission of a felony.

C.   Claim 4

In his fourth claim, Newman alleges that the trial judge abused his discretion in refusing to grant a mistrial on the basis that one of the jurors had served on the jury of the petitioner's co-defendant. While the respondent argues that Newman failed to exhaust his state court remedies as this claim, I disagree. Newman raised this precise claim at every level of his direct appeal. Therefore, Newman fulfilled the exhaustion requirement. See Ylst, 501 U.S. at 349-350.

Nonetheless, Newman's fourth claim is without merit. In reviewing this claim, the Court of Appeals of Virginia concluded that Newman did not establish a probability of prejudice from the juror's presence. The Court of Appeals noted that after the juror advised the trial judge that

5

he had served on the jury panel in the companion case, the trial judge replaced him with an alternate juror. The Court of Appeals also noted that the juror told the trial judge that he did not discuss his prior service with any other jurors, and that there was no evidence of such discussion.

Having reviewed the record, I conclude that the Court of Appeals' decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Upon being questioned by the trial judge and the petitioner's trial counsel, the juror stated that he did not discuss his involvement in the companion case with any other jurors. (Jan. 29, 2002 Tr. at 13-18). Although Newman emphasizes that the juror voted to convict his co-defendant, the trial judge ultimately removed the juror from the jury panel. Since Newman has not established any actual prejudice from the juror's presence, his fourth claim must be dismissed. See United States v. Malloy, 758 F.2d 979 (4th Cir. 2005), cert denied, 474 U.S. 1009 (1985) (juror's previous service at trial of co-defendant did not require a new trial, where the defendant failed to show actual prejudice).

D.   Claim 5

In his fifth claim, Newman alleges that his trial counsel incompetently advised him that there were no pretrial procedures available for challenging a photo spread. Newman suggests that his trial counsel should have moved to suppress Kenneth Brooks' photo identification of Newman as the shooter. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688.

Newman previously raised this claim in his state habeas petition. The state habeas court concluded that Newman failed to meet either prong of the Strickland test. First, the state habeas court concluded that Newman's trial counsel did not act unreasonably in failing to file a motion to suppress the photo identification by Brooks, because such motion would have been futile. In reaching this conclusion, the state habeas court emphasized that the photo spread was not unduly suggestive. The court further concluded that the photo identification did not prejudice the defense, because Brooks also identified Newman in court.

The state habeas court did not unreasonably apply the law or the facts with respect to this claim. Although Newman again emphasizes that his trial counsel should have filed a motion to suppress the photo identification, Newman has failed to show how the photo identification prejudiced his defense. Brooks testified at trial that he saw the shooter, and that he was certain that the shooter was Newman. (Brooks' Test. at 290).

Newman also argues that his Sixth Amendment right to counsel was violated when the photo spread was shown to Brooks. The state habeas court properly concluded that this argument is without merit. The Supreme Court has specifically held that the Sixth Amendment does not guarantee a criminal defendant the right to have counsel present when the government presents photographs to eyewitnesses for identification purposes. See United States v. Ash, 413 U.S. 300, 321 (1973). Therefore, Newman's fifth claim must be dismissed.

E.  Claim 6

In his sixth claim, Newman contends that his trial counsel was ineffective for failing to object to prosecutorial misconduct concerning an alleged deal between the Commonwealth and two witnesses, Kenneth Brooks and Eugene Craig. The state habeas court found that Newman's arguments failed factually. The court noted that Newman's trial counsel questioned both
7

witnesses regarding their criminal histories and their reasons for testifying, and that both witnesses denied having any deal with the Commonwealth. The state habeas court went on to conclude that Newman failed to demonstrate any resulting prejudice.

I agree with the respondent that this claim is also without merit. Newman has provided no evidence to substantiate his claim that the two witnesses had a deal with the Commonwealth. The trial transcript indicates that Newman's trial counsel asked both witnesses whether they received any benefit from the Commonwealth in exchange for testifying at trial. Both witnesses denied receiving any benefit. (Brooks' Test. at 329, Craig's Test. at 238, 239). Newman's mere speculation that a deal existed does not entitle him to habeas relief. See Daniel v. West Virginia, 964 F. Supp. 1050, 1058 (S. D. W. Va. 1997) (noting that speculation "is too thin a reed to support the extreme remedy" of habeas relief). Therefore, Newman's sixth claim must be dismissed.

F.  Claim 7

In his final claim, Newman alleges that his trial counsel incompetently advised him that he could not challenge the voluntariness of his statements to police at a pretrial hearing, and that he instead had to raise the issue at trial. The state habeas court concluded that Newman failed to meet either prong of the Strickland test. The state habeas court emphasized that Newman provided no facts that would indicate that his statements to police investigators were involuntary or that his free will was overborne.

The state habeas court did not unreasonably apply the law or the facts with respect to this claim. Although Newman correctly identifies the test for determining whether a statement is voluntary, Newman has not alleged any facts or circumstances that would permit the court to conclude that his statements to police investigators were involuntary. Therefore, Newman's trial

8

counsel did not act unreasonably in failing to challenge the voluntariness of Newman's statements in a pretrial motion.

## CONCLUSION

For the reasons stated, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 25th day of October, 2005.

Senior United States District Judge

9